```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

KENNETH BARKSDALE, 06-B-2510,

       Petitioner,

       -v-                                     09-CV-170(MAT)
                                               **ORDER**

SHERIFF OF MONROE COUNTY,

       Respondent.
_____

## I. Introduction

*Pro se* petitioner Kenneth Barksdale ("petitioner") has brought a petition for habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1), challenging the constitutionality of his conviction of Criminal Possession of a Controlled Substance in the Fifth Degree (N.Y. Penal L. § 220.06). The judgment of conviction, entered on September 5, 2006, followed the entry a guilty plea before Judge Stephen K. Lindley in Monroe County Court. By the terms of the plea agreement, petitioner was sentenced to two and one-half years imprisonment followed by one year of post-release supervision.[1]

## II. Factual Background and Procedural History

### A. Plea and Sentencing

On July 26, 2006, petitioner was arrested following the execution of a federal search warranted at his residence in the City of Rochester, New York. On August 7, 2006, Petitioner waived

---

[1] Petitioner was released to the Division of Parole on June 15, 2009. See NY DOCS Inmate Lookup Service, http://nysdocslookup.docs.state.ny.us/

indictment and entered a guilty plea to one count of Criminal Possession of a Controlled Substance in the Fifth Degree for possessing five hundred milligrams or more of cocaine. Plea Tr. 3-14. The plea was taken in satisfaction of additional charges of third- and fourth-degree drug possession. Petitioner was subsequently sentenced as a second felony drug offender to two and one-half years imprisonment with one year of post-release supervision. Sentencing Tr. 4-7.

### B. Direct Appeal

Shortly after the Monroe County Public Defender filed a Notice of Appeal on petitioner's behalf, petitioner sought permission to proceed *pro se* on his appeal in the Appellate Division, Fourth Department, which granted petitioner's motion on February 20, 2008. See Respondent's Appendix ("Resp't Appx.") K.

On May 20, 2008, the Appellate Division granted petitioner an extension of time in which to perfect his appeal, "on the condition that appellant perfect the appeal on or before August 19, 2008, and in the event of failure to so perfect, the appeal is hereby dismissed without further order." Resp't Appx L.

Less than a month later, petitioner's appellate brief and appendix were returned by the Appellate Division as a result of his failure to comply with the rules of that court. In a letter dated June 11, 2008, petitioner was advised that "[t]he record must be stipulated or settled. If counsel for respondent will not stipulate

to the record, you must obtain an order from the trial court settling the record . . . ." Resp't Appx. O.

On June 24, the Office of the Monroe County District Attorney notified petitioner of numerous objections which it had regarding his proposed record on appeal. See Petitioner's Appendix ("Pet'r Appx.") A205. Petitioner then sought to submit a record on appeal to the Fourth Department without a stipulation to the record or an order settling the record. The appellate court denied petitioner's motion on July 28, 2008, stating that, "[i]t is the obligation of the appellant to make the application to settle the record, see 22 NYCRR 1000.4[a][1][ii]. The proper venue for an application to settle the record is Monroe County Court." Resp't Appx. M. The record indicates that petitioner did not perfect his appeal prior to the August 19, 2008 deadline, and his appeal was dismissed without further order of the appellate court.

### C. Post-Conviction Relief

While his appellate proceedings were still pending, petitioner brought the first of two motions to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. L ("C.P.L.") § 440.10 in Monroe County Court. In the first motion, dated May 14, 2007, petitioner alleged due process and Fourth Amendment violations, and argued that his assigned counsel was constitutionally ineffective. Resp't Appx. C. The county court denied petitioner's motion pursuant to C.P.L. § 440.10(2)(b), which mandates the denial of a motion to vacate a judgment where the judgment "is, at the time of

3

the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motino to permit adequate review thereof upon such an appeal." Resp't Appx. G.

Following the dismissal of his direct appeal, petitioner brought a second C.P.L. § 440.10 motion in state court, re-stating the allegations contained in his previous motion. Pet'r Appx. A215. The county court denied the motion, citing C.P.L. § 440.10(2)(c), which requires denial of a motion to vacate a judgment where "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, [but] no such appellate review ... occurred owing to ... the defendant's unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him." Resp't Appx. I. According to the petition, petitioner did not seek leave to appeal from the denial of either of his § 440.10 motions. See Petition ("Pet.") ¶ 21.

The instant habeas petition followed, in which petitioner raises the following grounds for relief: (1) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and (2) his attorney was constitutionally ineffective for failing to make the appropriate motions in his case. Pet. ¶ 22(A)-(C). For the reasons that follow, the petition is dismissed.

4

**III. Discussion**

    **A.    General Legal Principles**

        **1.    Exhaustion Requirement and Procedural Bar**

It is well-settled that a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. See 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275(1971); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). In order to exhaust a federal constitutional claim for the purposes of federal habeas review, the substance of the federal claim, both legal and factual, must be apparent from the petitioner's presentation to the state court. See Picard, 404 U.S. at 275-76; Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). The claim presented to the state court, in other words, must be the "substantial equivalent" of the claim raised in the federal habeas petition. Jones v. Keane, 329 F.3d at 295 (quoting Strogov v. Att'y Gen. of N.Y., 191 F.3d 188, 191 (2d Cir. 1999) (quoting Picard, 404 U.S. at 278 (1971)) (some quotation marks omitted)). Generally, this involves the completion of one full round of appellate review, meaning that the highest state court so empowered must have been presented with the opportunity to consider the petitioner's federal constitutional claim. See Picard, 404 U.S. at 275-76.

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally

5

barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id. When a petitioner no longer has "remedies available" in the state courts, because he is procedurally barred by state law from raising such claims, the habeas court may deem the claims exhausted but procedurally defaulted. Id. at 120-21 (quoting Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990)).

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriae of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333 (1992).

### 2. The Adequate and Independent State Ground Doctrine

The Supreme Court has made clear that the "adequate and independent state ground doctrine applies on federal habeas," such that "an adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the

federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations and internal quotations omitted).

**B.     The Habeas Petition**

    **1.     Petitioner's claims are Unexhausted and Procedurally Barred**

By abandoning his direct appeal, petitioner failed to complete a "full round" of appellate review and therefore does not meet the exhaustion requirement of § 2254. While petitioner may still file another motion for *vacatur* in state court[2], he may not seek collateral review of any claims he could have, but did not, raise on direct appeal. See Aparicio v. Artuz, 269 F.3d 78, 91 (citing C.P.L. § 440.10(2)(c)). Since it is apparent that the record would permit review of petitioner's claims, they are procedurally defaulted in state court and are consequently barred from habeas review. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008) (habeas petitioner's failure to file appeal in state court where claim was based on "facts visible on the face of the trial record" resulted in procedural default). New York's procedural default rule at C.P.L. § 440.10(2)(c) has been held to be an adequate and independent state ground barring habeas review. See Clark, 510 F.3d at 391-92. Thus, "even if no state court had applied section 440.10(2)(c) to [the petitioner's] claim, the district court should

---

[2] C.P.L. § 440.10 provides that "[at]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment...." C.P.L. § 440.10(1).

7

[do] so in the first instance pursuant to the exhaustion requirement for federal habeas." Id. at 393.

### 2. Petitioner's Claims are Procedurally Barred Pursuant to the Adequate and Independent State Ground Doctrine

In addition, the state court rejecting petitioner's § 440 motions explicitly invoked the procedural default rules at C.P.L. § 440.10(2)(b) and (2)(c), which, as stated above, have been recognized as adequate and independent state grounds precluding habeas review. See Sweet v. Bennett, 353 F.3d 135, 140-41 (2d Cir. 2003) (petitioner's ineffective assistance claim was "well-established in the trial record" and could have been brought on direct appeal; § 440.10(2)(c) was adequate and independent state law ground that barred federal habeas review); Johnson v. Sabourin, 03 Civ. 0791, 2005 WL 2663039 at *3-5 (S.D.N.Y. Oct. 13, 2005) (§ 440 court's denial of ineffective assistance claims based on facts in trial record pursuant to C.P.L. § 440.10(2)(b) was an adequate and independent state law ground barring federal habeas review); Hemphill v. Senkowski, No. 02 Civ. 7093(DC), 2004 WL 943567 (S.D.N.Y. May 3, 2004. ("New York Criminal Procedure Law §§ 440.10(2)(b) and (c) generally preclude a defendant from raising, in a collateral proceeding, trial errors that could have been presented on direct appeal and have been recognized as 'independent and adequate' state procedural grounds." (citing Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991)). Accordingly,

8

petitioner's claims are subject to procedural default by adequate and independent state grounds.

Petitioner contends that the state courts' "failure to adjudicate the case on the merits" left him "no other recourse other [sic] than U.S. District Court." See Pet'r Mem. at 3 (Dkt. # 12). While the exhaustion requirement may be excused if there is no available procedure for the petitioner to obtain review of his claim in the state courts, see 28 U.S.C. § 2254(b)(1)(B)(i), or if any state procedure available would be ineffective under the circumstances, see 28 U.S.C. § 2254(b)(1)(B)(ii), petitioner's voluntary abandonment or withdrawal[3] of his direct appeal does not satisfy the federal habeas exhaustion requirement. Nor does his decision to withdraw or abandon his appeal constitute cause to excuse his failure to exhaust his state remedies[4]. See Priester v. Senkowski, No. 01CIV.3441(LMM)(GWG), 2002 WL 1448303, *5 (S.D.N.Y. July 3, 2002) (citing Ellman v. Davis, 42 F.3d 144, 148 (2d Cir.1994)).

Because petitioner has demonstrated neither cause for default nor resulting prejudice nor any evidence of "actual innocence,"

---

[3] The respondent submits that records of the Monroe County District Attorney indicates that petitioner withdrew his appeal on August 25, 2008. In any event, by virtue of the Appellate Division's May 20, 2008 order, petitioner's failure to perfect his appeal by August 19, 2008 resulted in the appeal's dismissal without further order. See Resp't Mem. at 3, n.1 (Dkt. #9-2).

[4] The Supreme Court has held that "cause" means "something external to the petitioner, something that cannot be fairly attributed to him," such as governmental interference or the reasonable unavailability of the factual basis for the claim. Coleman v. Thompson, 501 U.S. 722, 753 (1991) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); McClesky v. Zant, 499 U.S. 467, 493-94, (1991); Restrepo v. Kelly, 178 F.3d 634, 639 (2d Cir. 1999).

see, e.g., Bond v. Walker, 68 F.Supp.2d 287, 298 (S.D.N.Y. 1999) (quoting Harris v. Reed, 489 U.S. 255, 262 (1989)), the claims in the instant petition must be dismissed.

**IV. Conclusion**

For the reasons stated above, Kenneth Barksdale's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed. Petitioner has failed to make a "substantial showing of a denial of a constitutional right", 28 U.S.C. § 2253 (c)(2), the court declines the issue of certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: March 15, 2011
       Rochester, New York